UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRATT,

    Petitioner,

vs.                                                    Case No. 04-80259

UNITED STATES OF AMERICA,               HON. AVERN COHN

    Respondent.

_____

## ORDER DENYING REQUEST FOR A CERTIFICATE OF APPEALBILITY

I.

This is a habeas case under 28 U.S.C. § 2255.  Petitioner Tyrone Pratt, a federal prisoner, claimed he is incarcerated in violation of his constitutional rights.  Specifically, Petitioner claimed (1) that he was deprived of his Sixth Amendment right to effective assistance of counsel and (2) that his sentence is illegal due to erroneous calculations of the sentencing guidelines.  The Court denied the motion on the merits.  See Memorandum and Order Denying Motion under 28 U.S.C. § 2255, filed November 21, 2008.  Petitioner then filed a motion under Fed. R. Civ. P. 59(e) which the Court also denied.  See Order Denying Motion under Rule 59(e) for Reconsideration, filed December 19, 2008.

Before the Court is Petitioner's request for a certificate of appealability.

II.

Before Petitioner can appeal the Court's decisions, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may

be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the November 21, 2008 order, reasonable jurists would not debate whether Petitioner's ineffective

2

assistance of counsel claim or sentencing claims deserve to proceed further of that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

    SO ORDERED.

                                            s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2009

I hereby certify that a copy of the foregoing document was mailed to Tyrone Pratt, 17850-039, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525 and  the attorneys of record on this date, January 12, 2009, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5160