UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                   Case No. 04-80259

TYRONE PRATT,                                                                       HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING MOTION UNDER 18 U.S.C. § 3582(c)(2)

I.

This is a criminal case. Defendant Tyrone Pratt, plead guilty under a plea agreement to conspiracy to possess with intent to distribute and to distribute marijuana in violation of 18 U.S.C. § 846. Defendant was sentenced to 188 months.

Before the Court is defendant's motion to reduce or modify sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, the motion is DENIED.

II.

Following sentencing, defendant appealed to the Court of Appeals for the Sixth Circuit on February 26, 2007. The Sixth Circuit dismissed the appeal on May 1, 2007 for lack of jurisdiction because defendant knowingly and voluntarily waived his right to appeal in the terms of his plea agreement. United States v. Pratt, No. 06-1741 (May 1, 2007). Defendant then filed a motion under 28 U.S.C. § 2255 claiming that (1) he was deprived of his Sixth Amendment right to effective assistance of counsel and (2) his sentence was illegal due to erroneous calculations of the sentencing guidelines. The Court denied the motion. See Memorandum and Order filed November 21, 2008. Thereafter, the Court and

the Sixth Circuit declined to issue certificates of appealability. The Court then denied a motion for reconsideration and the Supreme Court denied certiorari. Defendant then filed the instant motion.

III.

Under 18 U.S.C. 3582(c)(2), the Court may not modify a sentence after it has been imposed unless the "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Defendant argues that his criminal history category was incorrectly calculated and relies on the 2007 amendment to U.S.S.G. § 4A1.2. Essentially, defendant argues that two of his prior convictions in 1994 should have been counted as a single conviction.

IV.

Defendant is not entitled to relief under § 3582(c)(2). First, he raised the same issue in his § 2255 motion which the Court rejected as follows:

> . . . Petitioner claims that two 1994 cases were counted separately when they should have been calculated as a single case for purposes of criminal history. The record contains a letter from the probation officer explain[ing] why the two cases should not be separately considered, stating:
>> there is no indication that the sentences imposed were consolidated for sentencing purposes. The defendant was charged with separate offenses under two different docket numbers, represented by different counsel on each case, and arrested on two different dates. Pursuant to § 4A1.2. Application Note 3, "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).

Memorandum and Order at p. 5.

Second, as the government points out, the substance of the 2007 amendment to § 4A1.2 does not alter the finding that defendant's two prior 1994 convictions should be separately counted. The wording of U.S.S.G. §4A1.2 prior to 2007 was as follows:

2

(2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and ©. Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

The wording of U.S.S.G. §4A1.2 after the November 2007 amendments is as follows:

(2) If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also § 4A1.1(f).

Because offenses separated by an intervening arrest are still counted as separate offenses, and defendant's two 1994 offenses were separated by an intervening arrest, the 2007 changes to §4A1.2 do not effect defendant's criminal history calculation. In other words, the 2007 amendments do not lower defendant's criminal history points. As such, there is no basis to grant defendant relief under § 3582(c)(2).

SO ORDERED.


Dated: February 19, 2010         s/ Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Tyrone Pratt, 17850-039, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525 and the attorneys of record on this date, February 19, 2010, by electronic and/or ordinary mail.

                                  s/ Julie Owens
                                 Case Manager, (313) 234-5160