UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No. 04-80259

TYRONE PRATT,                        HON. AVERN COHN

    Defendant.
_____/

**ORDER TRANSFERRING TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT
DEFENDANT'S MOTION UNDER FED. R. CIV. P. 60(b)(6) (Doc. 186)**

I.

This is a criminal case. In 2205, defendant Tyrone Pratt, plead guilty under a plea agreement to conspiracy to possess with intent to distribute and to distribute marijuana, in violation of 18 U.S.C. § 846. Defendant was sentenced to 188 months, within his guidelines range of 151 to 188 months.

Before the Court is defendant's motion under Fed. R. Civ. P. 60(b)(6) in which he raises an argument as to the proper calculation of his sentencing guidelines. Because as explained below, the motion is in reality a successive motion under 28 U.S.C. § 2255, it will be re-characterized as such and transferred to the Court of Appeals for the Sixth Circuit.

II.

Following sentencing, defendant appealed to the Sixth Circuit. The Sixth Circuit dismissed the appeal on May 1, 2007 for lack of jurisdiction because defendant knowingly and voluntarily waived his right to appeal in the terms of his plea agreement. United

States v. Pratt, No. 06-1741 (May 1, 2007).  Defendant then filed a motion under 28 U.S.C. § 2255 claiming that (1) he was deprived of his Sixth Amendment right to effective assistance of counsel and (2) his sentence was illegal due to erroneous calculations of the sentencing guidelines.  The Court denied the motion, see Memorandum and Order filed November 21, 2008 (Doc. 158), and declined to issue a certificate of appealability.  (Doc. 165).  The Sixth Circuit also declined to issue a certificate of appealability.  (Doc. 171).  The Court also denied defendant's motions for reconsideration (Docs. 161, 173).  Defendant then filed a motion for reduction of sentence under 18 U.S.C. § 3582.  The Court denied the motion.  (Doc. 179).

Defendant then filed the instant motion under Rule 60(b)(6).  (Doc. 186).

### III.

### A.

As best as can be gleaned, defendant argues that there was an error in the calculation of his criminal history category.  Defendant argues that prior state convictions should not have counted because he completed those sentences before his 2006 federal conviction.  The government argues that the motion is really a second or successive § 2255 motion which should be transferred to the Sixth Circuit for a determination of whether defendant has established grounds for filing a second motion.  The Court agrees with the government.

### B.

As the Supreme Court has recognized, Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  Gonzales v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b)(6), under which the present motion is

brought, permits reopening when the movant shows "any ... reason that justifies relief from the operation of the judgment" other than those set forth in Rule 60(b)(1) through (5). The Sixth Circuit has held that Rule 60(b)(6), the "catch-all provision," "permits a court to grant relief from a judgment or order 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.' " Braggs v. Perez, 42 F. App'x 678, 680 (6th Cir. 2002) (quoting Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989)).

C.

Although defendant does not state which "judgment" he is seeking relief from, the only judgment from which relief may appropriately be sought under Rule 60(b) is the Court's ruling on the prior § 2255 motion. The question is then whether the motion is properly brought under Rule 60(b) or whether it is a successive motion under § 2255.

A Rule 60(b) motion would be appropriate to "attack [ ] ... some defect in the integrity of the [prior] federal habeas proceedings." Gonzales, 545 U.S. at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition. Id. at 532 n. 4. However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." Hourani v. United States, 239 F. App'x 195, 197 (6th Cir.2007) (citing Gonzales, 545 U.S. at 532).[1] In short, new claims that challenge the

---

[1] Although the Supreme Court in Gonzales limited its holding to petitions under § 2254, the Sixth Circuit has applied the Supreme Court's rationale to § 2255 motions. In re Nailor, 487 F.3d 1018, 1022–23 (6th Cir. 2007).

3

underlying conviction or sentence or "the substance of the federal court's resolution of a [prior habeas] claim on the merits" are not appropriately brought under Rule 60(b). Gonzales, 545 U.S. at 532.

Defendant's motion, fairly read, is an attack on the Court's ruling on his § 2255 motion and may also be an attempt to raise a new claim challenging the calculation of his sentencing guidelines. Defendant is not challenging a defect in the integrity of the § 2255 proceeding. As such, his Rule 60(b) motion must be treated as a second motion under § 2255.

D.

Where, as here, a Rule 60(b) motion is determined to be properly a second or successive § 2255 motion, "the appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631." Regalado v. United States, No. 1:00–CV–640, 2006 WL 1008974, at *2 (W.D. Mich. Apr. 14, 2006) (citing In re Sims, 111 F.3d 45, 47 (6th Cir.1997)).

IV.

Accordingly, defendant's motion is re-characterized as a second or successive motion under § 2255 and is TRANSFERRED to the Sixth Circuit under 28 U.S.C. § 1631.

SO ORDERED.

Dated: March 28, 2012      S/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Tyrone Pratt, 17850-039, U.S. Penitentiary Pollock, P.O. Box 2099, Pollock, LA 71467 and the attorneys of record on this date, March 28, 2012, by electronic and/or ordinary mail.

                           S/Julie Owens
                           Case Manager, (313) 234-5160